Hillary J. Baca, State Bar No. 288068
hbaca@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA 94111
Tel:    415-984-8200
Fax:    415-984-8300

Alice Kwak, State Bar No. 312939
akwak@nixonpeabody.com
NIXON PEABODY LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151
Tel: 213-629-6000
Fax: 213-629-6001

Attorneys for Defendants
EASTMAN KODAK COMPANY and
SUZANNE SOUCEK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAN DUMITRU, an Individual,<br><br>                              Plaintiff,<br><br>      vs.<br><br>EASTMAN KODAK COMPANY, a New Jersey Corporation; SUZANNE SOUCEK, an Individual; and DOES 1 through 10, Inclusive,<br><br>                              Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO**

**PLAINTIFF MARIAN DUMITRUAND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants EASTMAN KODAK

COMPANY and SUZANNE SOUCEK (collectively, "Defendants") file this Notice

of Removal.  The above-entitled case is a civil action over which this Court has

original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be properly

removed to this Court pursuant to 28 U.S.C. § 1441(b). In compliance with 28 U.S.C. § 1446(a), Defendants assert the following grounds for removal:

1. On or about November 5, 2025, Plaintiff Marian Dumitru ("Plaintiff") commenced the aforementioned action against Defendants by filing a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled *Marian Dumitru v. Eastman Kodak Company, et al.,* Case No. 25STCV32274 (hereinafter the "State Court Action").

2. True and correct copies of Plaintiff's Summons and Complaint, along with the papers that accompanied the Complaint, are attached to the accompanying Declaration of Hillary Baca ["Baca Decl."] as Exhibit A. Baca Decl., ¶ 3, Exh. A.

3. On November 26, 2025, upon request of Plaintiff through his counsel, the undersigned counsel for Defendant Eastman Kodak Company accepted service for Defendant of the Summons and Complaint by signing and returning a Notice and Acknowledgment of Receipt. Baca Decl., ¶ 4, Exh. B.

4. On or about December 23, 2025, Eastman Kodak Company timely filed in State Court its Answer to the Complaint, as required by the California Code of Civil Procedure. Baca Decl., ¶ 5, Exh. C.

5. Defendant Suzanne Soucek was served with the Summons and Complaint on December 10, 2025.

6. As of the date of this Notice of Removal, the documents attached as Exhibits A, B, and C to the Baca Declaration constitute all pleadings, processes, or orders that have been served in the State Court action.

7. This Notice is timely filed in that it is filed within thirty days of service of the Summons and Complaint on Defendants. *See* 28 U.S.C. § 1446(b); and Fed. R. Civ. Proc. 6.

8. Defendants will serve written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d) and will file a Notice of

NOTICE OF REMOVAL OF ACTION

Removal with the clerk of the Superior Court of the State of California in and for the County of Los Angeles, as further required by that statute.

### **Removal Based on Diversity of Citizenship**

9.     The Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), and it may be removed to this Court pursuant to 28 U.S.C. § 1441(b).   Specifically, and as explained more fully below, this action involves citizens of different states.   As also explained more fully below, the amount in controversy in this action exceeds the sum of $75,000 exclusive of interest and costs.

10.     At the time this lawsuit was filed, Plaintiff was, and still is, a citizen of the State of California.   *See* Complaint, ¶ 1.

11.     At the time this lawsuit was filed, Eastman Kodak Company was, and still is, a New Jersey corporation (state of incorporation) with its corporate headquarters (*i.e.*, its principal place of business) in the State of New York. *See* Declaration of Jeanne Hilley ("Hilley Decl."), ¶ 5.   Eastman Kodak Company's high-ranking officers maintain their offices in and direct and control the operations of Eastman Kodak Company from Rochester, New York. *Id.*; *see also Hertz v. Friend*, 559 U.S. 77, 130 S. Ct. 1181 (2010) (Supreme Court clarified that state where corporate headquarters is located is state which has its principal place of business). Eastman Kodak Company therefore is now, and was at the time the State Court Action was commenced, a citizen of the States of New Jersey and New York.

12.     At the time this lawsuit was filed, Suzanne Soucek was, and still is, domiciled in, and a resident and citizen of, the State of Ohio. *See* Declaration of Suzanne Soucek ("Soucek Decl."), ¶ 2.

13.     In light of the foregoing, Defendants Eastman Kodak Company and Suzanne Soucek were not and are not citizens of the State of California, and Plaintiff was not and is not a citizen of New Jersey, New York, or Ohio.   Therefore, Plaintiff is a "citizen of a State different from" Defendants Eastman Kodak Company and

NOTICE OF REMOVAL OF ACTION

Suzanne Soucek under 28 U.S.C. § 1332(a); *see also*, *Hertz Corp. v. Friend,* 130 S. Ct. 1181 (2010).

## **Amount in Controversy**

In his Complaint, Plaintiff alleges that he was wrongfully terminated because of his disability and disability-related leave, and that Defendant Eastman Kodak Company failed to provide him with compliant rest breaks in violation of California labor laws. *See* Complaint, ¶¶ 14-32.  While Plaintiff's Complaint does not clearly specify the amount of damages he seeks, it pleads claims for: (1) physical disability discrimination; (2) failure to provide reasonable accommodation; (3) failure to engage in the interactive process; (4) retaliation for protected activity (5) failure to prevent discrimination and retaliation (6) wrongful termination in violation of public policy; (7) retaliation for exercising labor code rights; (8) failure  to provide rest breaks; (9) failure to timely pay final wages at separation; (10) personal liability for wage violations; and (11) unfair business practices.  *See* Complaint.  Plaintiff claims that Defendants' actions entitle him to damages including compensatory damages, mental and emotional distress damages, punitive damages, restitution, unpaid wages, together with premium wages, statutory and civil penalties, as well as attorneys' fees. *See* Complaint, Prayer for Relief.  The value of each of these items is to be included in the amount in controversy in the State Court Action.  *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees authorized by statute included in the amount in controversy); *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943) (compensatory damages considered in determining amount in controversy).

14. Removal jurisdiction exists where original jurisdiction would also have existed, and the removing defendant bears the burden of establishing jurisdiction. 28 U.S.C. § 1441(a); *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).  If a complaint on its face alleges that the amount in controversy exceeds the minimum required to invoke diversity jurisdiction ($75,000), and all of the other requirements

NOTICE OF REMOVAL OF ACTION

for diversity jurisdiction are met, the action is removable. 28 U.S.C. § 1332. The court may, for removal purposes, look to the removal papers for underlying facts establishing the jurisdictional limit. *Gaus, supra*, 980 F.2d at 566 (9th Cir. 1992). If the allegations in a complaint do not conclusively demonstrate that the amount in controversy exceeds the jurisdictional minimum, the removing party need only demonstrate by a preponderance of the evidence that the jurisdictional minimum amount is in controversy. *Singer v. State Farm Mutual Auto. Ins. Co*., 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996).

15. Plaintiff's Complaint does not state a specific dollar amount of damages that he seeks, but states that Plaintiff is seeking recovery for past and future lost earnings, employment benefits, premium pay, compensatory damages, including emotional distress, waiting time penalties, punitive damages, and attorneys' fees. *See* Complaint, Prayer for Relief.

16. Defendants deny that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal, Defendants do not waive any defenses that may otherwise be available to them. Without waiving this position, and in light of the allegations of Plaintiff's Complaint, the amount in dispute in this matter exceeds $75,000 exclusive of interest and costs.

17. Prior to taking medical leave, and at or near the time of his termination, Plaintiff earned $31.59 per hour for 40-hour work weeks, which is approximately $65,707.20 per year. Hilley Decl., ¶ 4. Since Plaintiff's employment was terminated on or about September 8, 2025 (*See* Complaint ¶ 26), his back pay claim is approximately $19,676.06.

18. In addition to back pay, Plaintiff also seeks recovery for future lost wages and employment benefits. *See* Complaint, Prayer for Relief. Courts may include a reasonable estimate of "front pay" in determining the amount in controversy in wrongful termination and employment discrimination actions. *See Chavez v.*

*JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018); *Wysinger v. Auto. Club of S. Cal.*, 157 Cal. App. 4th 413 (2007) ("Under FEHA, an employee may be compensated for a future loss of earnings"). Based on Plaintiff's full-time wage rate of $31.59 per hour for 40-hour workweeks (approximately $65,707.20 per year), a conservative estimate of six months of front pay is approximately $32,853.60, which further supports that the amount in controversy exceeds $75,000.

19. Plaintiff also claims he was not provided with rest periods as required by California law. Plaintiff, if he prevails, is entitled to a one-hour premium pay ($31.59) for each day he was not provided with a rest period. Based on his active employment from November 5, 2021 through January 15, 2025 (*See* Complaint ¶¶ 11-26; Hilley Decl. ¶ 4) and the four-year lookback period[1], and based on a conservative estimate that Plaintiff missed two rest breaks per week, Plaintiff's claim for premium pay is $10,532.11 (166.7 weeks x 2 x $31.59).

20. For alleged penalties under Labor Code § 226, the amount is approximately $2,650.00 (i.e. $100 per wage statement x 26 bi-weekly wage statements).

21. For "waiting time penalties" under Labor Code § 203, the potential liability to Defendant is approximately $7,581.60. That number is computed by taking Plaintiff's average wage of $31.59 per hour x 8 hours to obtain an average daily rate of $252.72. Section 203 penalties are computed by multiplying the daily rate times 30 days of alleged penalties.

22. Additionally, "[i]f the complaint does not clearly specify damages, the court may examine facts in the complaint and evidence submitted by the parties." *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002). In addition to the evidence regarding the present value of Plaintiff's claim for

---

[1] Plaintiff's standalone claim for rest-period premium pay under Labor Code section 226.7 is generally subject to a three-year limitations period. Plaintiff also asserts a UCL claim (Bus. & Prof. Code § 17200 et seq.) predicated on the same alleged rest-period violations, which is subject to a four-year limitations period.

NOTICE OF REMOVAL OF ACTION

back pay and wage and hour violations, as described in paragraphs 11-32 above, the Court may consider "jury verdicts in similar cases," so long as such cases are "factually identical or, at a minimum, analogous to the case at issue." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012). Analogous cases provide evidence of the amount of emotional distress damages likely to be at issue in the case. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("In determining the amount in controversy, the district court properly consider[s] [*inter alia*] . . . emotional distress damage awards in similar [] discrimination cases in [the same state]."); *Simmons, supra*, 209 F. Supp. 2d at 1033-34 (considering damages awarded in a "not perfectly analogous" case as evidence "that emotional distress damages in a successful employment discrimination case may be substantial"). Likewise, analogous cases also provide evidence of the amount of punitive damages likely to be at issue in the case. *Simmons*, 209 F. Supp. 2d at 1033 ("To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts."); *see also Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 578 (D. Ariz. 2003) (relying on evidence of similar "disability insurance bad faith" cases in which punitive damages were awarded in determining that the minimum amount in controversy had been met). All claims in a single-plaintiff versus single-defendant case, as here, are aggregated to determine the amount in controversy. *See Bank of California Nat'l Assn. v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

23. In *Stepp v. Fidelity National Title Group, Inc.*, JVR No. 1604180027, 2015 WL10684612 (Cal. Super. 2015), the plaintiff claimed she was discriminated against on the basis of her pregnancy and gender, was retaliated against, and claimed that her employer intentionally caused her emotional distress. The jury found for plaintiff on the intentional infliction of emotional distress claim and awarded her $91,600 for past pain and suffering and $377,250 for future pain and suffering.

NOTICE OF REMOVAL OF ACTION

24. In *Duong v. ITT Educational Services, Inc., et al.*, 2016 Jury Verdicts LEXIS 8491 (Cal. Superior 2016), the plaintiff claimed he was discriminated against based upon his age and wrongfully terminated on that basis and in violation of public policy. While the employer asserted defenses based on legitimate business reasons, a jury returned a verdict of over $900,000. Of this amount, $500,000 was for punitive damages. Notably, plaintiff in this case worked for the employer on a part-time basis, was working at two other jobs at the time of his termination, and at the time of trial sought only $89,150 in past lost earnings and benefits. In the instant case, Plaintiff was a full-time employee and there is no evidence he was employed anywhere else at the time of his termination.

25. In *Gary v. Nichols*, 45 Trials Digest 8th 11, 2011 WL 3576547 (Cal. Super. Ct. December 10, 2004), the plaintiff sued alleging various forms of employment discrimination, including disability discrimination. She claimed that the employer terminated her employment due to her taking off time to treat for diverticulitis and ulcerative colitis. The jury returned a verdict that included an award of $45,000 in damages for the infliction of emotional distress.

26. In *Kivman v. Worldwide Airways Corp.*, 26 Trials Digest 16th, 2013 WL 3340152 (Cal. Superior 2013), the plaintiff claimed he was constructively discharged and discriminated against on the basis of his disability. Plaintiff alleged he was terminated while the employer argued it offered plaintiff alternative employment that he refused. After a trial, the jury found in the plaintiff's favor and awarded him $75,000 for past and future "mental suffering/emotional distress" and another $75,000 for past and future "anxiety."

27. In *Cochran v. CBS Corporation*, *et al.*, 50 Trials Digest 15th 15, 2012 WL 6708605 (Cal. Super. 2012), the plaintiff sued alleging various forms of employment discrimination, including discrimination based on pregnancy and retaliation because of complaints of discrimination, among other things. After she announced her pregnancy, the plaintiff claimed the employer began discriminating

- 8 -

against her and making inappropriate remarks to her. She was then terminated. The jury returned a verdict that included an award of $175,000 in past noneconomic damages and $4,661,664 in punitive damages against one defendant and $3,107,706 against another defendant.

28.     In *Pedro Torres v. City of Los Angeles*, 2012 JURY VERDICTS LEXIS 18968 (Cal. Super. 2012), the plaintiff sued alleging retaliation because he supported the racial harassment allegations of another employee. The jury found in favor of the plaintiff and awarded him $750,000 in past pain and suffering and $250,000 in future pain and suffering.

29.     In *Sandra Stockton v. County of Kern,* 2015 JURY VERDICTS LEXIS 7062 (Cal. Super. 2016), the plaintiff sued alleging that she was retaliated against for supporting another employee who was a victim of sexual harassment. The parties settled the matter for $1.2 million before a final decision was rendered.

30.     Given the details of Plaintiff's allegations of wrongdoing, the emotional distress he alleges he has suffered, and the nature of Plaintiff's claims, Defendants have carried their burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.

31.     Given Defendants' net worth and annual income, punitive damages as sought by Plaintiff (to which Defendants assert he is not entitled) certainly may meet or exceed the amount of damages Plaintiff could recover for lost wages, emotional distress, and mental anguish.

32.     While Defendants have produced solid evidence in support of its Notice of Removal, it is noteworthy that in *Dart Cherokee Basin Operating, LLC v. Owens*, 135 S. Ct. 547 (2014), the Supreme Court held that a defendant's notice of removal of a case from state to federal court need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; it does not need to contain evidentiary submissions.

NOTICE OF REMOVAL OF ACTION

33. For the foregoing reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed by Defendants to this Court pursuant to 28 U.S.C. § 1441(a), in that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

## Venue

34. Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 84(d) and 1441(a) because this Court's territorial jurisdiction includes Los Angeles, California, where the State Court Action was filed and is pending.

35. For all of the foregoing reasons, Defendants respectfully submit that the State Court Action is removable to this Court under 28 U.S.C. §§ 1332(a) and 1441(b).

Dated:        December 26, 2025            NIXON PEABODY LLP

By: _____
Hillary J. Baca
Alice Kwak
Attorneys for Defendants
EASTMAN KODAK COMPANY
and SUZANNE SOUCEK

NOTICE OF REMOVAL OF ACTION